# United States Court of Appeals for the Fifth Circuit

No. 22-30594

A True Copy
Certified order issued Dec 06, 2022

*Lyle W. Cayce*
Clerk, U.S. Court of Appeals, Fifth Circuit

Port Cargo Services, L.L.C.; Burnside Plantation, L.L.C., *doing business as* Houmas House,

*Plaintiffs—Appellants*,

versus

Westchester Surplus Lines Insurance Company,

*Defendant—Appellee*.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:22-CV-1018

_____

Before Stewart, Dennis, and Willett, *Circuit Judges*.

Per Curiam:

This court must examine the basis of its jurisdiction, on its own motion if necessary. *Hill v. City of Seven Points*, 230 F.3d 167, 169 (5th Cir. 2000). In this insurance coverage case, the district court dismissed one defendant, but left the other defendant in the case. Plaintiffs filed a notice of appeal from that order.

We have jurisdiction over appeals from final decisions of the district courts. 28 U.S.C. § 1291. Where an action involves multiple parties or claims, as in this case, an order dismissing some of the claims or defendants

No. 22-30594

is final for appellate purposes only if the district court has made an express determination that there is no just reason for delay and an express direction for the entry of judgment, *see* FED. R. CIV. P. 54(b), or certifies the case for immediate appeal pursuant to 28 U.S.C. § 1292(b). Here, the district court dismissed one defendant but left the claims against the remaining defendant pending. It did not enter the certification required by either Rule 54(b) or § 1292(b). Thus, the notice of appeal filed before all claims and all parties were disposed of is premature. We are without jurisdiction over this appeal and it must be dismissed. *See Borne v. A&P Boat Rentals No. 4, Inc.*, 755 F.2d 1131, 1133 (5th Cir. 1985).

Accordingly, the appeal is DISMISSED for want of jurisdiction.